UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------x

Moshe Feldman,

                Plaintiff,                              C.A. No.: 7:23-cv-5165

   -against-                                      **DEMAND FOR JURY TRIAL**

Transunion, LLC,
Equifax Information Services, LLC,
Experian Information Solutions, Inc.,
Loancare, LLC,

                Defendant(s).

-------------------------------------------------------------------------x

## COMPLAINT

Plaintiff Moshe Feldman ("Plaintiff"), by and through his attorneys, and as for his Complaint against Defendant Transunion, LLC ("Transunion"), Defendant Equifax Information Services, LLC ("Equifax"), Defendant Experian Information Solutions, Inc. ("Experian"), and Defendant Loancare, LLC ("Loancare") respectfully sets forth, complains, and alleges, upon information and belief, the following:

### JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1367, as well as 15 U.S.C. § 1681p *et seq*.

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), being that the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

1

3. Plaintiff brings this action for damages arising from the Defendants' violations of 15 U.S.C. § 1681 *et seq*., commonly known as the Fair Credit Reporting Act ("FCRA").

## PARTIES

4. Plaintiff is a resident of the State of New York, County of Sullivan.

5. At all times material hereto, Plaintiff was a "consumer" as said term is defined under 15 U.S.C. § 1681a(c).

6. Transunion is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and conducts substantial and regular business activities in this judicial district. Transunion is a Delaware corporation registered to do business in the State of New York, and may be served with process upon the Prentice-Hall Corporation System, its registered agent for service of process at 80 State Street, Albany, New York 12207.

7. At all times material hereto, Transunion is a consumer reporting agency regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681(d) to third parties.

8. At all times material hereto, Transunion disbursed such consumer reports to third parties under a contract for monetary compensation.

9. Equifax is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and conducts substantial and regular business activities in this judicial district. Equifax is a Georgia corporation registered to do business in the State of New York, and may be served with process upon the Corporation Service Company, its registered agent for service of process at 80 State Street, Albany, New York 12207.

10. At all times material hereto, Equifax is a consumer reporting agency regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681(d) to third parties.

11. At all times material hereto, Equifax disbursed such consumer reports to third parties under a contract for monetary compensation.

12. Experian is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and conducts substantial and regular business activities in this judicial district. Experian is an Ohio corporation registered to do business in the State of New York, and may be served with process upon the C T Corporation System, its registered agent for service of process at 28 Liberty Street, New York, New York 10005.

13. At all times material hereto, Experian is a consumer reporting agency regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681(d) to third parties.

14. At all times material hereto, Experian disbursed such consumer reports to third parties under a contract for monetary compensation.

15. Loancare is a person who furnishes information to consumer reporting agencies under 15U.S.C. § 1681s-2, and may be served with process upon C T Corporation System, its registered agent for service of process at 28 Liberty Street, New York, New York 10005.

## FACTUAL ALLEGATIONS

16. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

17. This Complaint pertains to a Loancare account with account number 6230*****6721 ("Account").

18. Plaintiff has always made timely payments on his Account.

19. Plaintiff encountered some financial hardship at the beginning of 2021 due to the COVID Pandemic.

20. In January of 2021, Plaintiff requested a Forbearance Plan from Loancare.

21. Plaintiff was approved for a Forbearance Plan.

22. Plaintiff's forbearance plan was in effect from March 2021 through March 2022.

23. While Plaintiff's loan was in forbearance with Loancare, Plaintiff was working on negotiating a better rate to refinance his loan.

24. A Loancare representative confirmed for Plaintiff that no current payments were due while Plaintiff was working to refinance his loan with a more favorable interest rate.

25. In August of 2022, Plaintiff came to an agreement with Loancare on a new, more favorable interest rate.

26. In August of 2022, Plaintiff once again began making timely payments on his Account.

27. Plaintiff was advised by the Loancare representative that no payments were due until Plaintiff and Loancare came to an agreement on a new interest rate.

28. In fact, Loancare did not demand or send notice to collect any of the payments from the period of time Plaintiff was renegotiating his rate.

29. Plaintiff's Experian and Equifax credit reports state that Plaintiff was "180 days late" for May, June, July & August of 2022.

30. Plaintiff's Transunion credit report states that Plaintiff was "120 days late" for May, June, July & August of 2022.

Loancare Dispute and Violation

31. Upon information and belief, on a date better known to Transunion, Equifax and Experian ("Bureaus"), the Bureaus prepared and issued credit reports concerning the Plaintiff that included inaccurate and misleading information relating to his Loancare account with account number 6230*****6721 ("Account").

32. The Account is reporting inaccurately because Plaintiff was not late in May through August of 2022.

33. It is materially misleading to report Plaintiff as 120 days late or 180 days late on his credit reports during a period of time that Loancare agreed Plaintiff did not have to make payments.

34. The Bureaus' reporting the subject serious delinquency has significantly affected Plaintiff's perceived creditworthiness with potential lenders.

35. In fact, Plaintiff acted in good faith and confirmed with Loancare that no payments were due between May of 2022 and August of 2022.

36. The inaccurate information furnished by Loancare and published by the Bureaus is inaccurate since it contains late payment notations for the months while Plaintiff was renegotiating a new mortgage rate.

37. Specifically, Plaintiff was in contact with Loancare and was advised no payments were due.

38. The Bureaus have been reporting this inaccurate information through the issuance of false and inaccurate credit information and consumer reports that it has disseminated to various persons and credit grantors, both known and unknown.

39. Plaintiff sent a dispute letter dated December 13, 2022 to the Bureaus disputing the accuracy of the information in his credit reports and explaining the context of how the information was inaccurate.

40. Plaintiff attached his driver's license and a recent bank statement to his dispute letter for proof of his identity.

41. The Account is the only derogatory account listed on any of Plaintiff's credit reports and has served to negatively affect his credit score.

42. Plaintiff applied for a Mortgage Loan from Onyx Equity Partners Corp. and received a denial of credit letter on March 21, 2023.

43. The reason listed for his denial was "Multiple recent late payments".

44. As the only recent late payments listed on Plaintiff's credit report are associated with the Account, causation is clear.

45. The Bureaus have been reporting this inaccurate information through the issuance of false and inaccurate credit information and consumer reports that it has disseminated to various persons and credit grantors.

46. Potential credit grantors reviewed Plaintiff's credit reports, as evidenced by soft and hard pulls on Plaintiff's credit reports.

47. It is believed and therefore averred that the Bureaus notified Loancare of the Plaintiff's disputes.

48. Upon receipt of the disputes of the Account from the Plaintiff by the Bureaus, Loancare failed to conduct a reasonable investigation and continued to report false and inaccurate adverse information on the consumer report of the Plaintiff with respect to the disputed Account.

49. Had Loancare done a reasonable investigation of the Plaintiff's dispute, it would have been revealed to Loancare that the Account contained inaccurate information.

50. Despite the dispute by Plaintiff that the information on his consumer reports was inaccurate with respect to the disputed account, the Bureaus did not timely evaluate or consider any of the information, claims, or evidence of the Plaintiff and did not timely make an attempt to substantially or reasonably verify that the derogatory information concerning the disputed Account was inaccurate.

51. The Bureaus violated 15 U.S. Code § 1681i (a)(1)(A) by failing to conduct a reasonable investigation since they failed to delete or correct the disputed trade line within 30 days of receiving Plaintiff's dispute letter.

52. Had the Bureaus done a reasonable investigation of the Plaintiff's dispute, it would have been revealed to the Bureaus that the Account contained inaccurate information.

53. Notwithstanding Plaintiff's efforts, Defendants continued to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors, as evidenced by the inquiries on the Plaintiff's credit report in the form of hard and soft pulls.

54. As a result of Defendants' failure to comply with the FCRA, Plaintiff suffered concrete harm in the form of loss of credit, loss of ability to purchase and benefit from credit, a

chilling effect on applications for future credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

# FIRST CAUSE OF ACTION
## (Willful Violation of the FCRA as to the Bureaus)

55. Plaintiff incorporates by reference the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

56. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 et seq.

57. The Bureaus violated 15 U.S.C. § 1681(e) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that the Bureaus maintained concerning the Plaintiff.

58. The Bureaus have willfully and recklessly failed to comply with the Act. The failure of the Bureaus to comply with the Act include but are not necessarily limited to the following:

   a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

   b) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

   c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

   d) The failure to promptly and adequately investigate information which the Bureaus had notice was inaccurate;

   e) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

    f) The failure to continuously note in the credit report that the Plaintiff disputed the accuracy of the information;

    g) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised the Bureaus to delete;

    h) The failure to take adequate steps to verify information the Bureaus had reason to believe was inaccurate before including it in the credit report of the consumer.

59. As a result of the conduct, action and inaction of the Bureaus, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, a chilling effect on future applications for credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

60. The conduct, action and inaction of the Bureaus was willful rendering the Bureaus liable for actual, statutory and punitive damages in an amount to be determined by a Judge and/or Jury pursuant to 15 U.S.C. § 1681(n).

61. The Plaintiff is entitled to recover reasonable costs and attorney's fees from the Bureaus in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681 (n).

WHEREFORE, Plaintiff, Moshe Feldman, an individual, demands judgement in his favor against the Bureaus for damages together with attorney's fees and Court costs pursuant to 15 U.S.C. § 1681n.

### SECOND CAUSE OF ACTION
**(Negligent Violation of the FCRA as to the Bureaus)**

62. Plaintiff incorporates by reference the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

63. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 et seq.

64. The Bureaus violated 15 U.S.C. § 1681i(a) by failing to delete inaccurate information from the credit file of the Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigation and by failing to maintain reasonable procedures with which to verify the disputed information in the credit file of the Plaintiff.

65. The Bureaus have negligently failed to comply with the Act. The failure of the Bureaus to comply with the Act include but are not necessarily limited to the following:

   a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

   b) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

   c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

   d) The failure to promptly and adequately investigate information which the Bureaus had notice was inaccurate;

   e) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

   f) The failure to continuously note in the credit report that the Plaintiff disputed the accuracy of the information;

   g) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised the Bureaus to delete;

h) The failure to take adequate steps to verify information the Bureaus had reason to believe was inaccurate before including it in the credit report of the consumer.

66. As a result of the conduct, action and inaction of the Bureaus, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, a chilling effect on future applications for credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

67. The conduct, action and inaction of the Bureaus was negligent, entitling the Plaintiff to damages under 15 U.S.C. § 1681o.

68. The Plaintiff is entitled to recover reasonable costs and attorney's fees from the Bureaus in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 1681o.

WHEREFORE, Plaintiff, Moshe Feldman, an individual, demands judgement in his favor against the Bureaus for damages together with attorney's fees and Court costs pursuant to 15 U.S.C. § 1681o.

## THIRD CAUSE OF ACTION
### (Willful Violation of the FCRA as to Loancare)

69. Plaintiff incorporates by reference the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

70. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

71. Pursuant to the Act, all persons who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

72. Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The

furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

73. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the Defendant must be reported to other agencies which were supplied such information.

74. Loancare violated 15 U.S.C. § 1681s-2 by failing to fully and properly investigate the dispute of the Plaintiff; by failing to review all relevant information regarding same by failing to correctly report results of an accurate investigation to the credit reporting agencies.

75. As a result of the conduct, action and inaction of Loancare, Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, a chilling effect on future applications for credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

76. The conduct, action and inaction of Loancare was willful, rendering Loancare liable for actual, statutory and punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. § 1681n.

77. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Loancare in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, Moshe Feldman, an individual demands judgement in his favor against Loancare in for damages together with attorney's fees and Court costs pursuant to 15 U.S.C. § 1681n.

## **FOURTH CAUSE OF ACTION**

**(Negligent Violation of the FCRA as to Loancare)**

78. Plaintiff incorporates by reference the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

79. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

80. Pursuant to the Act, all person who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information in a consumer credit report.

81. Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

82. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the Defendant must be reported to other agencies which were supplied such information.

83. Loancare is liable to the Plaintiff for failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2.

84. After receiving the Dispute Notice from the Bureaus, Loancare negligently failed to conduct its reinvestigation in good faith.

85. A reasonable investigation would require a furnisher such as Loancare to consider and evaluate a specific dispute by the consumer, along with all other facts, evidence and materials provided by the agency to the furnisher.

86. The conduct, action and inaction of Loancare was negligent, entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

87. As a result of the conduct, action and inaction of Loancare, Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, a chilling effect on future applications for credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

88. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Loancare in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 1681o.

WHEREFORE, Plaintiff, Moshe Feldman, an individual, demands judgement in his favor against Loancare for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681o.

## DEMAND FOR TRIAL BY JURY

89. Plaintiff demands and hereby respectfully requests a trial by jury for all claims and issues this Complaint to which Plaintiff is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from each Defendant as follows:

a) For actual damages provided and pursuant to 15 U.S.C. § 1681o(a) be awarded for each negligent violation as alleged herein;

b) For actual damages provided and pursuant to 15 U.S.C. § 1640(a)(1);

c) For Statutory damages provided and pursuant to 15 U.S.C. § 1681n(a);

d) For Statutory damages provided and pursuant to 15 U.S.C. § 1640(a)(2);

e) For Punitive damages provided and pursuant to 15 U.S.C. § 1681n(a)(2);

f) For attorney fees and costs provided and pursuant to 15 U.S.C. § 1681n(a)(3), 15 U.S.C. § 1681o(a)(2) and 15 U.S.C. § 1640(a)(3);

g) For any such other and further relief, as well as further costs, expenses and disbursements of this action as this Court may deem just and proper.

Dated: June 19, 2023                                      Respectfully Submitted,

/s/ *Tamir Saland*
**Stein Saks, PLLC**
By: Tamir Saland
One University Plaza, Ste 620
Hackensack, NJ 07601
Phone: (201) 282-6500
Fax: (201)-282-6501
tsaland@steinsakslegal.com